This is an action, among other things, to recover of the defendant Banking Trust Company, executor of the estate of A. J. Pickett, damages for breach of seizin and warranty, and for improvements made upon lands purported to be conveyed to Jennie Futrell and husband, Zedic Futrell, by A. J. Pickett, deceased; and, in the event the cloud upon the title to the land so purported to be conveyed to Jennie Futrell and husband by said Pickett should be removed by judgment in this cause, *Page 222 
that such balance as may be found due upon the purchase price of the lands evidenced by notes executed by Jennie Futrell and husband, Zedic Futrell, to said Pickett, and secured by deed of trust to one Wells, Trustee, be divided into equitable and fair payments, to the end that the said Futrell and husband be privileged to pay off and discharge said in fee simple, according to the terms originally contemplated; and to obtain a restraining order against the exercising of the power of sale contained in the aforesaid deed of trust by the defendants.
On 12 September, 1942, his Honor, Henry L. Stevens, Jr., resident judge of the Sixth Judicial District, issued a temporary restraining order against the foreclosure of the deed of trust from Jennie Futrell and husband, Zedic Futrell, to Wells, Trustee, securing notes to A. J. Pickett for the purchase price of the lands therein described.
On 25 September, 1942, the defendants Banking Trust Company, Executor, Bateman, Trustee, and others, demurred to the complaint filed upon the grounds (1) that the complaint did not state facts sufficient to constitute a cause of action, and (2) for that there was an improper joinder of parties and of causes of action.
The cause came on for hearing upon the demurrer filed before Stevens, J., at the August Term, 1943, of Duplin, when it was agreed that judgment might be signed after the expiration of the term, and on 13 December, 1943, his Honor "adjudged upon said demurrer and the complaint filed that there is a misjoinder both of parties and of causes of action, and that the said action be and the same is hereby dismissed . . . ." To this judgment the plaintiff excepted and gave notice of appeal to the Supreme Court.
On 3 February, 1944, Frizzelle, J., upon motion of the plaintiffs, issued an order in the cause restraining the defendants from proceeding further with the effort to sell the lands described in the complaint, particularly in deed of trust under which the defendant H. D. Bateman presumed to act as substituted trustee, pending the determination of the proceeding in the Supreme Court or the final disposition of the cause upon its merits. To the foregoing order the defendant Banking Trust Company, Executor, and the defendant Bateman, Trustee, excepted and appealed to the Supreme Court.
On 28 March, 1944, the defendant Banking Trust Company, Executor of A. J. Pickett, and defendant H. D. Bateman, Trustee, moved in this Court to docket and dismiss the plaintiffs' appeal from the judgment of Stevens, J., sustaining the demurrer and dismissing the action, under Rule 17, Rules of Practice in the Supreme Court, 221 N.C. 551, for that the plaintiffs failed to bring up and file a transcript of the record as by rule required, as appeared by certificate of the clerk of the court from *Page 223 
which the appeal came filed by the appellees, which motion was allowed by this Court on 28 March, 1944.
Since the judgment of Stevens, J., dismissing the action became effective when entered 13 December, 1943, and remained in full force and effect by the dismissal of the plaintiffs' appeal on 28 March, 1944, the judgment of Frizzelle, J., restraining the defendants from proceeding further with the foreclosure sale, entered 3 February, 1944, was and remained void for the want of jurisdiction in his Honor to enter any judgment in the cause.
Reversed.